UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE:**<br><br>**CUONG HUY DAO,** | No. 1:25-mc-00060-SAB<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO BE EXEMPT FROM E-FILING REQUIREMENT, AND DIRECTING COMPLAINT BE E-FILED WITHIN TEN DAYS |

On July 15, 2025, the Court received a motion from the Plaintiff requesting to be exempt from filing his complaint through use of the electronic filing system at California State Prison-Corcoran ("COR"). (ECF No. 1.)

On July 17, 2025, the Court served a copy of Mr. Dao's documentation on Supervising Deputy Attorney General Lawrence Bragg and directed Mr. Bragg to file a response to Mr. Dao's documentation within fourteen days.

Mr. Bragg filed a response on July 27, 2025. (ECF No. 3.) The matter is now submitted to the Court for review and ruling.[1]

**I.**

**DISCUSSION**

In his motion, inmate Cuong Huy Dao contends that prison officials have refused to electronically file his complaint at COR. More specifically, Plaintiff contends that from June 12,

---

[1] Except for specifically identified motions not at issue here, a magistrate judge is permitted to hear and determine any pretrial matter that is not dispositive of a claim or defense pending before the court. 28 U.S.C. § 636(b)(1); Local Rule 302. As the issue addressed here is not dispositive of Plaintiff's action, but merely addresses the manner in which his case must be filed, the Court shall proceed by order.

1

2025 to July 10, 2025, he has attempted to electronically file his complaint but has been prevented from doing so by prison staff. (ECF No. 1 at 2-5.) Plaintiff attaches a copy of his civil rights complaint to the motion. (ECF No. 1 at 12-47.)

In response to the Court's order and by way of special appearance, Deputy Attorney General, Lawrence Bragg, filed a response to Plaintiff's motion. (ECF No. 3.) Counsel declares as follows:

> As noted in this motion, Dao was housed in the Restricted Housing Unit (RHU) at California State Prison-Corcoran (Corcoran) on June 12, 2025. (ECF No. 1 at 2:3-8.) Prisoners in the RHU are not allowed to attend the law library in person due to safety and security concerns. RHU prisoners can still access the law library by submitting paging requests for materials. They can e-file documents with this Court by: (1) requesting that an officer from their building deliver the documents to the law library for e-filing; (2) utilizing institutional mail to send documents to the law library to be e-filed; and (3) sending the documents to the law library through the U.S. Postal Service. Many prisoners at Corcoran have correctional staff bring documents to the library for e-filing.
>
> Library staff prefer to avoid going to RHU prison cells to pick up documents to be e-filed because the law library then would be closed for other prisoners, as the librarian for that facility is the only assigned staff member. Taking into consideration the large number of suits filed by prisoners at Corcoran, library staff would be away from the law library a considerable amount of time if they personally picked up each suit. Safety and security issues due to potential attacks or "gassing" by the prisoners housed there also are a concern.
>
> Dao's requests for law library visits (ECF No. 1 at 2:24-25, 38-39, 4:1-3) could not be approved because he was housed in the RHU. Senior Librarian M. Lirones responded to Dao's GA-22 forms detailing the procedures he should utilize to e-file a document, including mailing the documents to the library and having an officer from his building deliver the documents to the library. Dao acknowledges receiving this response but states that he disagreed with having an officer deliver the documents out of fear that the officer would tamper with the documents, based on the handling of his request for copies of the suit papers. (ECF No. 1 at 3:33-38, 5:21-23.) Dao's requests for Ms. Lirones to come to RHU to personally pick up the suit papers and file them (ECF No. 1 at 3:40-43, 5:17-20) were not approved for the reasons stated above.
>
> Dao even refused to allow his psychologist bring the suit papers to the library, preferring to mail the complaint to the Court along with a request to file it by mail. (ECF No. 1 at 4:10-17.) Having mailed the suit papers to this Court, Dao does not explain why he could not mail the complaint to the law library, either through institutional mail or the U.S. Postal Service. (See ECF No. 1, generally.)
>
> Ms. Lirones did make a special visit to Dao's cell on July 18, 2025, to try to pick up

documents for e-filing, accompanied by correctional staff. Dao screamed and cursed at Ms. Lirones but did not provide her with any documents. Ms. Lirones attempted to provide Dao with a GA-22 form with standard notation reading, "please e-file these documents" he could present to staff for e-filing in the future, but Dao refused to accept this form.

Corcoran now is in possession of Dao's motion, which contains a copy of Dao's complaint. (ECF No. 1 at 12-46.) Corcoran is willing to e-file this complaint, with this Court's permission.

(ECF No. 3 at 1-3.)

## II.

## CONCLUSION AND ORDER

Based on the evidence before the Court, Mr. Dao has failed to comply with the proper procedure to e-file his complaint and cooperative with prison staff to assist in filing his complaint. However, since Corcoran now has a copy of Plaintiff's complaint and is willing to e-file it, in the interest of efficiency, the Court will make a one-time exception in this case to submit the complaint for e-filing. However, Plaintiff is advised that in the future he must comply with the Court's Standing Order, effective October 1, 2014, to have his complaint e-filed by this Court and the failure to do so will result in return of the complaint as not filed.

Accordingly, it is HEREBY ORDERED that:

1. Within **ten (10)** days from the date of service of this order, Mr. Bragg shall facilitate with Corcoran State Prison to e-file Plaintiff's complaint to be filed in a NEW CASE; and
2. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  **August 5, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3